UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MARCIA DE BARROS,

        Plaintiff,
vs.

WELLS FARGO BANK, N.A.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, MARCIA DE BARROS, by and through undersigned counsel, and brings this action against the Defendant, WELLS FARGO BANK, N.A. ("WELLS FARGO") and as grounds thereof would allege as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in TILA and RESPA for Defendant's failure to comply with Section 2605(k) of RESPA, and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, Defendant, WELLS FARGO was and is a National banking institution chartered and supervised by the Office of the Comptroller of the Currency ("OCC"), an agency in the U.S. Treasury Department, pursuant to the National Bank Act, duly licensed to transact business in the State of Florida, with a principal address of 420 Montgomery St., San Francisco, CA 94163, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

8. Upon information and belief, America's Servicing Company is a division of what was formally known as Wells Fargo Home Mortgage, Inc. Upon information and belief, Wells Fargo Home Mortgage, Inc. merged with and into Wells Fargo Bank, N.A. Thus, for ease of reference, America's Servicing Company, Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A. will be referred to as WELLS FARGO.

9. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

10. At some point in time prior to the violations alleged herein, WELLS FARGO was hired to service the subject loan.

11. At all times material hereto, WELLS FARGO, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by WELLS FARGO and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at *** Azure Way, Miami Springs, Florida 33166.

## BACKGROUND AND GENERAL ALLEGATIONS

12. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b).

13. On or around October 2, 2014, a final judgment of foreclosure was entered against Plaintiff in a foreclosure action in Miami-Dade County, bearing case number 2013-03262 CA 27 (the "Foreclosure").

14. Plaintiff had legitimate concerns about the amount of hazard insurance charges purportedly incurred, as reflected on the final judgment.

15. In an effort to utilize the protections afforded to consumers by Congress, on or about February 17, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to WELLS FARGO a written request for information pursuant to Regulation X ("Plaintiff's RFI"). WELLS FARGO received Plaintiff's RFI on or about February 20, 2015.

16. A true and correct copy of same is attached as Exhibit "A".

17. Plaintiff's RFI asked WELLS FARGO, *inter alia*, to: (1) provide a detailed explanation of the HOMEOWNERS INSURANCE charges on a recent loan history statement; and (2) provide a detailed explanation for the discrepancy as to why the Final Judgment shows a fee of $8,647.84 for Hazard Insurance for the year 2014 when it should have been $4,937.42.

18. WELLS FARGO, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

19. WELLS FARGO, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

20. On February 23, 2015, WELLS FARGO sent a written acknowledgement of Plaintiff's RFI to Loan Lawyers.

21. Thereafter, on March 30, 2015, WELLS FARGO sent Loan Lawyers a correspondence stating that "We've determined your concerns were previously addressed by us on January 28, 2015, and March 6, 2015, and we didn't find you had enclosed any new information or significantly different details which would change our response."

22. A true and correct copy of same is attached hereto as Exhibit "B".

23. Plaintiff is at a complete loss as to WELLS FARGO's position because this is the first instance in which Plaintiff had requested the specific information regarding the hazard insurance issue.

24. Plaintiff believes Wells Fargo was merely attempting to avoid issuing a response.

25. As such, on April 22, 2015, Loan Lawyers, on behalf of Plaintiff, mailed WELLS FARGO's counsel a correspondence informing them that WELLS FARGO had not provided a response to Plaintiff's specific information requests and provided WELLS FARGO an additional seven (7) days to provide the requested information.

26. To date, WELLS FARGO has failed or refused to provide a response to Plaintiff's specific requests regarding hazard insurance, contrary to 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26.

28. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

29. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

30. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

31. WELLS FARGO has failed to or refused to comply with 12 C.F.R. § 1024.36(d)(1) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that WELLS FARGO did not provide response to Plaintiff's specific informational requests within the required timeframe.

32. As such, WELLS FARGO has violated 12 U.S.C. § 2605(k)(1)(E).

33. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

34. Plaintiff is entitled to actual damages as a result of Defendant, WELLS FARGO's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to WELLS FARGO's failure to adequately respond to Plaintiff's RFI. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Marais v. Chase Home Finance, LLC, 24 F.Supp.3d 712 (S.D. Ohio 2014)(the court, on remand, finding that actual damages encompass costs incurred in mailing QWR and "all expenses, costs, fees, and injuries" attributable to servicer's failure to appropriately respond to QWR); Cortez v. Keystone Bank, Inc., 2000 WL 536666, *12 (E.D. Pa. 2000)(the court finding that actual damages encompass compensation for pecuniary loss); Rawlings v.

Dovenmuehle Mortg., Inc., 64 F.Supp.2d 1156, 1164 (M.D. Ala. 1999)(the court finding that actual damages include costs for correspondence and travel).

35. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of WELLS FARGO's pattern or practice of noncompliance with Regulation X and RESPA.

36. Moreover, Plaintiff's counsel can demonstrate numerous correspondences sent to WELLS FARGO, relating to other clients under the applicable statutes, in which WELLS FARGO failed to acknowledge or adequately respond as required by law.

37. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MARCIA DE BARROS, respectfully asks this Court to enter an order granting judgment for the following:

(a) That WELLS FARGO be required to provide the information requested in Plaintiff's RFI;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, MARCIA DE BARROS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:    (954) 523-4357
Facsimile:    (954) 581-2786